## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| HIRTLE CALLAGHAN HOLDINGS, INC., *et al.*, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | No. 2:18-CV-02322-RBS |
| : | |
| CURT R. THOMPSON, *et al.*, : | |
| : | |
| Defendants. : | |

## ORDER

**AND NOW**, this _____ day of _____, 2021, upon consideration of Defendants' Motion to Dismiss Certain Counts in Plaintiffs' Amended Complaint, and any opposition thereto, it is hereby **ORDERED** that the Motion is **GRANTED**, and that Counts II through XI of the Amended Complaint are **DISMISSED**. It is further **ORDERED** that Defendants shall file their answer to the remainder of the Amended Complaint within fourteen (14) days of the date of this Order.

BY THE COURT

_____
**J.**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HIRTLE CALLAGHAN HOLDINGS, INC., *et al.*, | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : No. 2:18-CV-02322-RBS |
| | : |
| CURT R. THOMPSON, *et al.*, | : |
| | : |
| Defendants. | : |

## DEFENDANTS' MOTION TO DISMISS CERTAIN COUNTS IN PLAINTIFFS' AMENDED COMPLAINT

Defendants Curt R. Thompson ("Curt Thompson"), Global Strategic Investment Solutions, LLC ("GSIS"), Lisa M. Thompson, as Co-Trustee of the CLT Family Trust ("Lisa Thompson") and the CLT Family Trust ("the Trust") (Curt R. Thompson, GSIS, Lisa Thompson and the Trust, collectively, are referred to as "Defendants") file this Motion to Dismiss Counts II through XI of Plaintiffs' Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth in the accompanying Memorandum of Law, the Motion should be granted.

KLEHR HARRISON
HARVEY BRANZBURG LLP

Date: September 1, 2021          By:   //s// William J. Clements
                                       William A. Harvey
                                       Lisa A. Lori
                                       William J. Clements
                                       1835 Market Street, 14th Floor
                                       Philadelphia, PA 19103
                                       Ph:   (215) 569-2700
                                       Fax:  (215)568-66

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| HIRTLE CALLAGHAN HOLDINGS, INC., *et al.*, | : | |
| Plaintiffs, | : | |
| v. | : | No. 2:18-CV-02322-RBS |
| CURT R. THOMPSON, *et al.*, | : | |
| Defendants. | : | |

## DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF THEIR OF MOTION TO DISMISS
## CERTAIN COUNTS OF PLAINTIFFS' AMENDED COMPLAINT

Defendants Curt R. Thompson ("Curt Thompson"), Global Strategic Investment Solutions, LLC ("GSIS"), Lisa M. Thompson, as Co-Trustee of the CLT Family Trust ("Lisa Thompson") and the CLT Family Trust ("the Trust") (Curt R. Thompson, GSIS, Lisa Thompson and the Trust, collectively, are referred to as "Defendants") file this Motion to Dismiss Certain Counts of Plaintiffs' Amended Complaint (the "Motion"). Plaintiffs Hirtle Callaghan Holdings Inc. and Hirtle Callaghan & Co, LLC (collectively, "Hirtle") has defectively pleaded these counts in violation of the gist of the action doctrine and in derogation of the two-year statute of limitations pertaining to the new claims in these counts.

**I.      INTRODUCTION**

This Motion involves the application of the black letter laws of pleading to Plaintiffs' defective Amended Complaint. As explained below:

- As to defendant Curt Thompson, Counts II, III, V, VI, VII, VIII, IX and X of the Amended Complaint should be dismissed, because these claims are barred by the gist of the action doctrine.
- As to defendants Curt Thompson, Co-Trustee Lisa Thompson, the Trust and GSIS, Counts II, III, IV, V, VI, VII, VIII, IX, X and XI should be dismissed, because these claims are time-barred by the forum state's two-year statute of limitations.

## II.     BACKGROUND

The events giving rise to this is action are quite simple. Defendant Curt Thompson was an employee of plaintiff Hirtle, who left Hirtle to work for defendant GSIS. Curt Thompson, GSIS and Hirtle operate in the financial advisory industry, working chiefly for high net worth clients. Curt Thompson contends that Hirtle owes to him past due compensation earned while he worked at Hirtle. Hirtle, for its part, contends that Curt Thompson breached a non-solicitation provision of his employment agreement, which Hirtle then argues: (i) exonerates it from any duty to pay the past due compensation to Curt Thompson and; and (ii) entitles it to monetary damages (chiefly, in the nature of lost profits from its clients allegedly wrongfully "poached" by Curt Thompson).

Ultimately, Curt Thompson will prove that he did not breach the non-solicitation provision in his employment because, among other things, each client that left Hirtle in favor of GSIS during any period in which the provision was in effect did so of their own free will and absent solicitation from Curt Thompson. Indeed, resolution of this issue in Curt Thompson's favor will also resolve the other issue in this case, namely, Curt Thompson's entitlement to past due compensation, because the only reason Hirtle ever provided for not paying Curt Thompson the compensation owed to him was its allegation that Curt Thompson violated the non-solicitation provision.

2

Plaintiffs filed their original Complaint on June 4, 2018 through their original attorneys at the law firm of OGLETREE DEAKINS NASH SMOAK & STEWART, P.C. Their original complaint consisted of four simple counts: (i) Count I for declaratory judgment; (ii) Count II for breach of contract; (iii) Count III for permanent injunction; and (iv) Count IV for misappropriation of trade secrets. See Docket Entry #1. Plaintiffs them replaced their original counsel with a new law firm, SPECTOR GADON & ROSEN, P.C. It was at this point where Plaintiffs' allegations first began going "off the rails."

Through their new lawyers, Plaintiffs began accusing Defendants of stealing hundreds of millions of dollars' worth of business (which is, quite simply, mathematically impossible considering the actual revenues at issue). For some odd reason, Plaintiffs also accused Defendants' law firm of being involved in some nebulous conspiracy in open court, although they never followed up on their scurrilous accusations. Germane to this Motion, plaintiffs sought leave to file their Amended Complaint to add a new defendant, and also to add a plethora of tort claims. This Court denied Plaintiffs leave to add the proposed new defendant, finding that the claims against him were time-barred. See Docket Entry #49. Plaintiffs filed their Amended Complaint on August 18, 2021. See Docket #52. Defendants now move to dismiss the add-on tort claims in the Amended Complaint pursuant to the gist of the action doctrine, and also as being time-barred pursuant to the two-year statute of limitations.

Plaintiffs' Amended Complaint now consists of the following claims (bolded claims are those that were contained in the original Complaint, which claims are not at issue in this Motion):

| Count | Defendant() |
|---|---|
| **Count I – Breach of Contract** | Curt Thompson, Co-Trustee Lisa Thompson and the Trust |
| Count II – Breach of Fiduciary Duty | Curt Thompson, Co-Trustee Lisa Thompson and the Trust |
| Count III – Common Law Fraudulent Concealment | Curt Thompson, Co-Trustee Lisa Thompson and the Trust |
| Count IV – Tortious Interference (Non-Solicitation and Confidentiality Restrictions) | GSIS |
| Count V – Tortious Interference (Customer Relationships) | GSIS, Curt Thompson, Co-Trustee Lisa Thompson and the Trust |
| Count VI – Conversion of Business Information | GSIS, Curt Thompson, Co-Trustee Lisa Thompson and the Trust |
| Count VII – Common Law Unfair Competition | GSIS, Curt Thompson, Co-Trustee Lisa Thompson and the Trust |
| Count VIII – Common Law Fraud | GSIS, Curt Thompson, Co-Trustee Lisa Thompson and the Trust |
| Count IX – Common Law Negligent Misrepresentation | GSIS, Curt Thompson, Co-Trustee Lisa Thompson and the Trust |
| Count X – Civil Conspiracy | GSIS, Curt Thompson, Co-Trustee Lisa Thompson and the Trust |
| Count XI – Aiding and Abetting Breach of Fiduciary Duty and Other Tortious Conduct | GSIS |
| **Count XII – Declaratory Judgment** | Curt Thompson, Co-Trustee Lisa Thompson and the Trust |
| **Count XIII – Permanent Injunction** | Curt Thompson, Co-Trustee Lisa Thompson and the Trust, and GSIS |
| **Count XIV – Misappropriation of Trade Secrets – Pennsylvania Uniform Trade Secrets Act** | Curt Thompson and GSIS |
| **Count XV – Misappropriation of Trade Secrets – Defend Trade Secrets Act** | Curt Thompson and GSIS |

## III. ARGUMENT

Defendants' Motion should be granted.

- As to defendant Curt Thompson, Counts II, III, V, VI, VII, VIII, IX and X of the Amended Complaint should be dismissed, because these claims are barred by the gist of the action doctrine.

- As to defendants Curt Thompson, Co-Trustee Lisa Thompson, the Trust and GSIS, Counts II, III, IV, V, VI, VII, VIII, IX, X and XI should be dismissed, because these claims are time-barred by the forum state's two year statute of limitations.

### A. The Gist Of The Action Doctrine Bars Add-On Tort Claims Against Curt Thompson

As to defendant Curt Thompson, Counts II, III, V, VI, VII, VIII, IX and X of the Amended Complaint should be dismissed, because these claims are barred by the gist of the action doctrine. Even viewed in the light most favorable to Plaintiffs, the only relationship between Curt Thompson, on the one hand, and any of the Plaintiffs, on the other hand, is that Curt Thompson is a former employee of Hirtle by virtue of an employment contract between the parties. The only duty that Curt Thompson had to Hirtle upon leaving the employ of Hirtle was embodied in the non-solicitation provision of his employment contract and, thus—it should go without saying—that duty is solely contractual in nature.

#### 1. The Gist Of The Action Doctrine

The gist of the action doctrine provides that an alleged tort claim against a party to a contract, based on the party's actions undertaken in the course of carrying out a contractual agreement, is barred when the "gist" or "gravamen" of the cause of action alleged to sound in tort is, in actuality, a claim against the party for breach of its contractual obligations. Bruno v. Erie Ins. Co., 106 A.3d 48, 53 (Pa. 2014).

5

In determining whether the gist of the action is based in contract or in tort, the Court looks to the nature of the duty allegedly breached. Id. at 68. If the claim arises directly from the alleged breach of a contractual duty created by the parties, it is a contract action. Id. If the claim arises from the violation of a broader social duty imposed by society and not by the parties via their contract, it is a tort action. Id. In short, "if the duties in question are intertwined with contractual obligations, the claim sounds in contract." Long Term Care Corp., LLC v. Ramos, 2018 WL 3656479, at *3 (E.D. Pa. Aug. 1, 2018), citing The Knit Wit v. Knitting Fever, Inc., 2009 WL 3427054, at *5 (E.D. Pa. Oct. 20, 2009), aff'd, 625 Fed. Appx. 27 (3d Cir. 2015).

Indeed, as the Third Circuit Court of Appeals noted in construing the gist of the action doctrine:

> if "the facts of a particular claim establish that the duty *73 breached is one created by the parties *by the terms of the contract*—i.e., a specific promise to do something that a party would not ordinarily have been obligated to do but for the existence of the contract," then the claim should be treated as one for breach of contract. …"If, however, the facts establish that the claim involves the defendant's violation of a broader social duty owed to all individuals, which is imposed by the law of torts and, hence, exists regardless of the contract, then it must be regarded as a tort." ... In sum, a claim sounds in [tort] unless it is alleged that the party breached one of the "specific executory promises which comprise the contract."

New York Cent. Mut. Ins. Co. v. Edelstein, 637 Fed. Appx. 70, 73 (3d Cir. 2016), quoting Bruno v. Erie Ins. Co., 106 A.3d 48, 68, 70 (Pa. 2014).

Here, again, the only possible duty between Curt Thompson and any of the Plaintiffs is contractual, and is based on the employment agreement and, more specifically, the non-solicitation provision in the employment agreement. Indeed, but for the employment agreement, Curt Thompson would have zero relationship with, and zero duties to, Plaintiffs. Moreover, all of the add-on tort claims are predicated on Curt Thompson's alleged contractual duty not to solicit

6

Hirtle's customers. Certainly, absent an enforceable non-solicitation provision, "all bets are off" and one financial advisor is free to compete with another financial advisor for clients. To be clear, there is no general societal duty imposed on competitors not to compete with one another for clients—in America, the exact opposite is true, and competition is fostered for the good of the consumer. This more than anything demonstrates the gist of the action doctrine applies to bar add-on tort claims against Curt Thompson. There are no extra-contractual broader social policies imposing any tort liability upon Curt Thompson. See Sales Benchmark Index LLC v. DeRosa, 2018 WL 3918090, at *4 (E.D. Pa. Aug. 16, 2018), citing Bruno, 106 A.3d at 68.

### 2. The Breach Of Fiduciary Duty Claim Against Curt Thompson Is Barred

Plaintiffs' breach of fiduciary duty claim against Defendants closely resembles the breach of fiduciary duty claim brought in DePuy Synthes Sales, Inc. v. Globus Medical, Inc., 259 F. Supp.3d 225, 238 (E.D. Pa. 2017), where this Court held that the alleged violations were barred because they were simply a restatement in tort of the breach of contract claims against the same defendant. In *DePuy*, this Court held that a claim for breach of fiduciary duty was barred because the acts which formed the basis of the claim were the identical acts forming the basis of the breach of contract action. Id. at 234-38. Such is the case here. But for the employment agreement, there would be no relationship or duties between Curt Thompson and Hirtle, let alone a fiduciary duty or relationship.

Further, because the alleged violations mirror the obligations otherwise imposed by the employment agreement, they are well subsumed within the existing breach of contract claim, making the add-on tort claim superfluous. Id. See also Siemens Indus., Inc. v. Nagel, 2017 WL 4099788, at *10 (W.D. Pa. Sept. 15, 2017) ("[t]he breach of the duty of loyalty claim merely reiterates the breach of contract claim and is barred by the gist of the action doctrine"); Bret Binder

7

v. Weststar Mortg., Inc., 2016 WL 3762710, at *22 (E.D. Pa. July 13, 2016) ("[a]pplying the gist of the action analysis, the Court concludes that both alleged breaches of fiduciary duty are simply restatements of [the plaintiff's] breach of contract claims"). The breach of fiduciary duty claim against Curt Thompson is not legally viable and should be dismissed.

### 3. The Fraud And Fraudulent Concealment Claims Against Curt Thompson Are Barred

Plaintiffs' fraud and fraudulent concealment claims suffer a similar fate. In assessing a fraud claim under the gist of the action doctrine, courts must determine "whether the fraud concerned the performance of contractual duties. If so, then the alleged fraud is generally held to be merely collateral to a contract claim for breach of those duties." Etoll, Inc. v. Elias/Savion Advertising, Inc., 811 A.2d 10, 19-20 (Pa. Super. Ct. 2002) (barring fraud claim where the alleged fraudulent acts arose in the course of the parties' contractual relationship and the duties breached were duties imposed by contract).

Applying this test, it is clear that Plaintiffs' "fraud" and "fraudulent concealment" claims are barred because they are based on the same breaches of duty as their breach of contract claim in Count I. In particular, these fraud claims rely on the same allegations that Curt Thompson violated his employment agreement and the non-solicitation provision therein. Indeed, Plaintiffs make no attempt to hide this fact—Plaintiffs actually refer to the employment agreement (i.e., the "very restrictions [Curt Thompson] had agreed upon") in support of their fraud claims. See Docket #52 at ¶¶ 105 and 138.

There is no doubt that the gist of Plaintiffs' supposed "fraud" claims sounds in breach of contract, not tort. See NWJProperty Management, LLC v. BACC Builders, Inc., 2004 WL 2095446, at *4-5 (E.D. Pa. Sept. 17, 2004) (plaintiff's fraud claim was dismissed because the gist of the claim was that the defendant fraudulently misrepresented its intent to perform its contractual

obligation to pay for the work performed); Penn City Investments, Inc. v. Soltech, Inc., 2003 WL 22844210, at *4 (E.D. Pa. 2003) (plaintiff's fraudulent inducement claim was dismissed because the subject matter of the fraud claim was "either directly addressed by the contract, or so closely related to the contractual relationship, that the dispute between the parties should be resolved by exclusive reference to contractual principles"). By the same token, the supposed "fraud" claims at issue here should be dismissed.

### 4. The Tortious Interference Claim Against Curt Thompson Is Barred

"A tortious interference with contract claim is barred by the gist of the action doctrine if it is not independent of a contract claim that is pled along with it." DePuy, 259 F. Supp. 3d at 243. In DePuy, the plaintiff alleged that its sales consultants tortiously interfered with existing and prospective business relations. Id. The sales consultants had employment agreements that contained a specific non-solicitation provision stating that, during their employment and for a period of 18 months after their last day of employment, they would not "directly or indirectly, contact, call upon, solicit business from, sell to, or render services to…any customer" while working with, for or as a competitor. Id. This Court held that the sales consultants' alleged "solicitation of and interference in the plaintiff's existing and prospective business relations with the plaintiff's customers" was "interwoven with the contractual duties at issue," and used the gist of the action doctrine to dismiss the tortious interference claim with prejudice. Id.

The result here should be no different. Plaintiffs claim that Curt Thompson and others committed "tortious interference" by contacting Hirtle clients. See Docket #52 at ¶¶ 111 and 120. But these tort allegations overlap—indeed, duplicate—Plaintiffs' allegations that Curt Thompson breached the non-solicitation provision of his employment agreement. This is a textbook example of where a tort claim should be dismissed pursuant to the gist of the action doctrine.

9

### 5. Plaintiffs' Unfair Competition, Conversion And Negligent Misrepresentation Claims Against Curt Thompson Are Barred

Under the general principals of the gist of the action doctrine, set forth above, even cursory examination demonstrates that Plaintiff's "unfair competition," "conversion" and "negligent misrepresentation claims" against Curt Thompson likewise arise out of his alleged breach of his employment agreement. Thus, as to Curt Thompson, these claims should also be dismissed pursuant to the gist of the action doctrine. This Court should not countenance Plaintiffs' exercise in creative writing, where garden-variety contract claims are converted into surplus and add-on tort claims. The point of pleading *bona fide* claims in commercial litigation is not—as Plaintiffs' apparently believe—"to throw spaghetti against the wall just to see what sticks," but to fairly resolve the dispute within the framework of the actual governing law.

### 6. Plaintiffs' Civil Conspiracy Claim Against Curt Thompson Is Barred

Plaintiffs' civil conspiracy claim against Curt Thompson is similarly barred by the gist of the action doctrine. Plaintiffs claim that "while Thompson was a Principal, employed by and a fiduciary of Hirtle, Thompson on the one hand, and GSIS and its agents on the other, combined, conspired, acted in concert and agreed with shared intent to do acts to carry out the scheme of deceit set forth above through unlawful acts, and/or to do otherwise lawful acts by unlawful means." See Docket #52 at ¶ 151. But the allegedly "unlawful acts" complained of are the same as those underlying the breach of contract claim against Curt Thompson and, thus, this add-on tort claim is duplicative of the breach of contract claim and subject to dismissal.

Courts, when confronted with similar conspiracy claims whose supporting allegations are grounded in a contact, typically dismiss the claims. *See* Credit Card Sales Supplies Corp. v. Spectrum Metals Inc., 2004 WL 3158537, at *12 (E.D. Pa. Jan. 31, 2004) (holding that the gist of the action doctrine barred a claim for conspiracy that merely replicated a claim for breach of

contract); CBG Occupational Therapy Inc. v. Bala Nursing & Retirement Ctr., 2005 WL 280838, at *4 (Pa. Com. Pl. Jan. 27, 2005) (holding that a conspiracy claim rooted in the parties' contract was barred by the gist of the action doctrine). Plaintiffs' conspiracy claim against Curt Thompson should meet the same fate.

> B. All Add-On Tort Claims Against All Defendants In The Amended Complaint Are Barred By The Statute Of Limitations

Pennsylvania imposes a two-year statute of limitations on tort claims. New York Cent. Mut. Ins. Co., 627 Fed. Appx. At 73 (dismissing tort claims on a motion to dismiss on the basis that they were barred by the statute of limitations). Pennsylvania applies statutes of limitation strictly. Id., citing Knopick v. Connolly, 639 F.3d 600, 606 (3d Cir. 2011). As to defendants Curt Thompson, Co-Trustee Lisa Thompson, the Trust and GSIS, Counts II, III, IV, V, VI, VII, VIII, IX, X and XI should be dismissed because these claims are time-barred by the forum state's two year statute of limitations.

There is no doubt that the statute of limitations for each of these new tort claims is two years. There is no doubt that the original Complaint was filed on June 4, 2018. Although all of Plaintiffs' causes of action must have accrued sometime before that date, there is no doubt that all of Plaintiffs' causes of action must have accrued as of that date. Finally, there is no doubt that Plaintiffs filed their Amended Complaint on August 18, 2021—over three years after filing their Complaint. As is plain on the face of these irrefutable and undisputed facts of record, Plaintiffs' newly added tort claims are time-barred. Indeed, this Court has already ruled that tort claims such as the ones at issue in this Motion are time-barred. See Docket #49. For the same reasons as previously set forth by the Court, the add-on tort claims here should be time-barred as against all Defendants.

## IV. CONCLUSION

The Motion should be granted. As to defendant Curt Thompson, Counts II, III, V, VI, VII, VIII, IX and X of the Amended Complaint should be dismissed, because these claims are barred by the gist of the action doctrine. As to defendants Curt Thompson, Co-Trustee Lisa Thompson, the Trust and GSIS, Counts II, III, IV, V, VI, VII, VIII, IX, X and XI should be dismissed, because these claims are time-barred by the forum state's two year statute of limitations.

KLEHR HARRISON
HARVEY BRANZBURG LLP

Date: September 1, 2021        By:    //s// William J. Clements
                                      William A. Harvey
                                      Lisa A. Lori
                                      William J. Clements
                                      1835 Market Street, 14th Floor
                                      Philadelphia, PA 19103
                                      Ph: (215) 569-2700
                                      Fax: (215)568-6603

                                      *Attorneys for Defendants and*
                                      *Counterclaim Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HIRTLE CALLAGHAN HOLDINGS, INC., *et al.*, | : |
| Plaintiffs, | : |
| v. | : No. 2:18-CV-02322-RBS |
| CURT R. THOMPSON, *et al.*, | : |
| Defendants. | : |

## CERTIFICATE OF SERVICE

I, William J. Clements, Esquire, hereby certify that on September 1, 2021, I caused the foregoing Defendants' Motion to Dismiss, proposed form of Order and supporting Memorandum of Law to be served upon the following via the Court's ECF System:

Paul R. Rosen, Esquire
Andrew J. DeFalco, Esquire
SPECTOR GADON ROSEN VINCI, P.C.
1635 Market Street, 7th Floor
Philadelphia, PA 19103
*Attorneys for Plaintiffs*

Date: September 1, 2021                //s// William J. Clements
                                        William J. Clements